Laura Popp-Rosenberg (lpopp-rosenberg@fzlz.com)
Parker Eudy (peudy@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Plaintiff Lion Capital LLP*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LION CAPITAL LLP, <br><br> Plaintiff, <br><br> v. <br><br> LION INVESTMENT GROUP LLC, <br><br> Defendant. | Civil Action No. 1:24-cv-01005-JSR |

**[PROPOSED] DEFAULT JUDGMENT**

This action having been commenced by Plaintiff Lion Capital LLP ("Plaintiff") on February 9, 2024, by the filing of the Complaint charging Defendant Lion Investment Group LLC ("Defendant") with breach of contract under the common law of the State of New York as well as with trademark infringement, unfair competition, and false designation of origin under the U.S. Trademark Act of 1956 (the "Lanham Act"), as amended, 15 U.S.C. §§ 1114(1), 1125(a), and trademark infringement and unfair competition under the common law of the State of New York; and

Defendant having been duly and properly served with a copy of the Summons and Complaint pursuant to Fed. R. Civ. P. 4(h)(1)(B) by Plaintiff serving the Summons and Complaint on the clerk of the Commonwealth of Virginia State Corporation Commission as

statutory agent for Defendant, which subsequently sent copies of the Summons and Complaint by first-class United States mail to Defendant; and

Proof of such service having been filed with this Court on March 22, 2024; and

Defendants having not answered the Complaint, and the time for answering the Complaint having expired;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1131, 1338(a), and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1338(b). The Court has supplemental jurisdiction over the state law claims pursuant to Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

2.      The Court has personal jurisdiction under Section 302 of the New York Civil Practice Laws and Rules because, upon information and belief, Defendant transacts business in New York and/or contracts to supply financial services in New York, including through its website *liginvestment.com*. Notably, Defendant's *liginvestment.com* website bears on every page a prominent photograph of New York City. The Court also has personal jurisdiction over Defendant pursuant to the settlement agreement between the parties out of which Plaintiff's breach of contract claim arises.

3.      Venue is proper in this District pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because a substantial portion of the events at issue occurred in this judicial district due to Defendant's transaction of business herein. Venue also is proper pursuant to the settlement agreement between the parties out of which Plaintiff's breach of contract claim arises.

4. Plaintiff has rights in the marks LION and LION CAPITAL (collectively, the "LION Marks") in connection with its business of providing investment and financial services due to Plaintiff's continuous use of the LION Marks in the United States since 2005. Plaintiff also owns several federal trademark registrations for the LION Marks, including U.S. Registration No. 3543654 for the mark LION CAPITAL, No. 3645484 for the mark LION, No. 4204443 for the mark LION CAPITAL (stylized), and No. 6133372 for the mark LION CAPITAL (stylized).

5. Since approximately November 1, 2021, Defendant has knowingly, and without authorization from Plaintiff, adopted and operated under the trade name and mark LION INVESTMENT GROUP in connection with its business of providing investment and financial services.

6. On March 22, 2023, the parties entered into a settlement agreement under which Defendant agreed to cease all use of the LION INVESTMENT GROUP name and mark by no later than June 22, 2023.

7. Notwithstanding its contractual obligation to do so, Defendant has not stopped using the LION INVESTMENT GROUP mark. Thus, Defendant is in breach of contract under New York common law.

8. Defendant's continuing use of the LION INVESTMENT GROUP mark also constitutes trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and trademark infringement and unfair competition under New York common law.

9. Plaintiff is and will continue to be irreparably harmed absent the Court entering this Order.

10. Judgment is entered for Plaintiff and against Defendant on Plaintiff's claims for breach of contract under New York common law, trademark infringement under 15 U.S.C. § 1114(1), unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and trademark infringement and unfair competition under New York common law.

11. Defendant and its officers, directors, employees, agents, licensees, distributors, affiliates, subsidiaries, attorneys, representatives, successors, assigns, and all persons in active concert with any of them, is hereby permanently enjoined and forever restrained from:

(a) using the LION INVESTMENT GROUP mark – or any other simulation, reproduction, counterfeit, copy, or colorable imitation of either Plaintiff's LION or LION CAPITAL marks (the "LION Marks") – in connection with the advertising, marketing, promotion, display, sale, or offering for sale of any goods or services;

(b) using any false designation of origin, false description or statement, or performing any act that is likely to lead members of the trade or public to believe that any goods and services advertised, marketed, promoted, displayed, sold, or offered to be sold by Defendant are associated, sponsored, licensed, or connected with Plaintiff or either of the LION Marks;

(c) engaging in any activity constituting unfair competition with Plaintiff or constituting an infringement of either of the LION Marks;

(d) applying to register or registering in the USPTO or in any state trademark registry the LION INVESTMENT GROUP mark – or any simulation, reproduction, copy, or colorable imitation of the LION Marks – in connection with any goods or services;

(e) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above; and

(f)     effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e) above.

12.     Defendant is hereby ordered to destroy all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in its possession, custody, or control that incorporate, feature, or bear the LION INVESTMENT GROUP mark – or any simulation, reproduction, copy, or colorable imitation of either of the LION Marks – in connection with any goods or services.

13.     Defendant is hereby ordered to scrub any websites (including *liginvestment.com*), web pages, social media pages, source code, metatags, page tags, metadata, title tags, indices, or other online materials in its possession, custody, or control of all representations of the LION INVESTMENT GROUP mark or any simulation, reproduction, copy, or colorable imitation of either of the LION Marks.

14.     Defendant shall file with the Court and serve upon counsel for Plaintiff within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which it has complied with paragraphs 11 through 13 above.

New York, New York

_____4/18_____, 2024

SO ORDERED:

_____
Hon. Jed S. Rakoff, U.S.D.J.